UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00484-CRS

ROBBIE WASHINGTON     PLAINTIFF

v.

PACTIV EVERGREEN, INC.     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Robbie Washington filed this *pro se* action. She also filed an application to proceed without the prepayment of fees (DN 03). Plaintiff reported in her application that she had zero income, zero expenses, and wrote zeros for all of the other information requested in the application. Because of this, the court denied without prejudice Plaintiff's application and informed her that she did not provide sufficient information to show whether she qualifies to proceed *in forma pauperis* in this case or must be required to pay the $402 filing fee (10/11/2023 Order at PageID# 34, DN 06). The court ordered Plaintiff to file, within 30 days of the date of its Order (DN 06), a *new* application to proceed without prepayment of fees in which she provided the required information and, if necessary, provided an explanation for how she is able to live with no income or expenses. The court directed the Clerk of Court to send Plaintiff an application form and warned Plaintiff that failure to comply would result in dismissal of the action.[1]

More than 30 days have passed, and Plaintiff has not complied with the court's Order or taken any other action in this case. Rule 41(b) of the Federal Rules of Civil Procedure authorizes

---

[1] The Order also notes that since April 13, 2023, Plaintiff has filed 19 new cases in this court and in each case, she filed applications to proceed *in forma pauperis*, reporting zeros or no information for income, expenses, and all other information requested in the application. The court warned Plaintiff that if she continued to do so, the court would impose sanctions against her, including but not limited to prefiling restrictions. On November 16, 2023, in a separate action in the court, *Robbie Washington v. Jim Farley*, No. 3:23-cv-483-RGJ, the court ordered Plaintiff to show cause why the court should not issue an injunction barring her from proceeding *in forma pauperis* in all future actions in this court based on her continued failure in multiple cases to comply with the court's straightforward orders despite being warned that sanctions could be imposed against her.

the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The court has issued a straightforward Order directing Plaintiff to file a new application to proceed with prepayment of fees and warning her that failure to comply would result in the dismissal of this action. Upon review, the court finds that Plaintiff's failure to comply with the court's prior Order warrants the dismissal of this case. Therefore, this action is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b) and is hereby **REMANDED** and **STRICKEN** from the active docket of this court. The court further certifies that an appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Finally, Defendant's Motion to Dismiss (DN 04) and its Motion to Strike (DN 08) are **DENIED AS MOOT**. **IT IS SO ORDERED**. There being no just reason for delay in its entry, this is a **final Order**.

November 29, 2023

cc: Plaintiff, *pro se*

Charles R. Simpson III, Senior Judge
United States District Court